UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Readiness Management Support L.C., <br> Plaintiff <br> v. <br> JESCO Construction Corp.; and County of Henderson, Illinois; and Village of Gulfport, Illinois, <br> Defendants | ) ) ) ) ) ) ) ) ) ) | Case No. 09-4003 |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court are the following motions: RMS's Motion in objection to JESCO'S response to Court Order (#122); and Henderson County's Motion to Compel (#123).

Henderson County's Motion to Compel simply asks to join in RMS's motion, objecting to JESCO's response to the Court Order. That motion (#123) is GRANTED.

On October 29, an Order was entered, granting two motions to compel and directing JESCO (Delaware)[1] to provide supplemental information in four categories. RMS (and the County) object to the information that JESCO provided in response to three of the four categories discussed in the Order. JESCO stands on the supplemental information it provided. Each item, along with RMS's objection and JESCO's explanation is discussed below.

Before beginning this discussion, it is necessary to provide what the Court considers

---

[1] The parties have been referring to the Defendant in this case as "JESCO (Delaware)" to distinguish it from other Jesco entities. The Court adopts that usage in this Order.

1

relevant context to this ongoing[2] dispute. Until well into discovery in this case, RMS was unaware that the defendant JESCO (Delaware) was not the same JESCO entity with which it had previously done business. In fact, RMS learned that the JESCO entity that is a Defendant in this case had never done any business or brought in any income before the dewatering project underlying this case. This, despite a brochure given to Henderson County that lists RMS as one of its significant clients. Understandably, RMS began doing discovery on "related" Jesco entities. Its efforts have, in its opinion, been stymied by the Defendant.

It was in this context that the Court considered the motion to compel and issued its Order. The Court is well aware that this dispute relates primarily to potential collection of a judgment that has not yet been entered. That fact, however, does not preclude discovery. In order to move this case forward, the original order was entered. We are now back at square one, because, as noted above, RMS still objects to the discovery provided, and JESCO stands on the propriety of the information it has provided.

The first category of information ordered by the Court was for disclosure of the identity of any Jesco entity involved in any way in the underlying dewatering project or in the contract negotiation between Jesco and any party to this litigation. "Jesco entity" was defined as "any business in which John Shavers or his ex-wife have a financial or ownership interest or had such an interest at the time the contracts were executed."

Jesco responded: "No other entity, other than Jesco Construction Corporation, a Delaware corporation (the party in this action) was involved in this project, negotiated any of the contracts or participated in the performance of any work pursuant to the contracts for this

---

[2]The original motion to compel was filed on June 11, 2010.

project."

RMS objects that Jesco's response is "contradicted by the documents produced in this case." The documents to which RMS refers are checks that were paid by other JESCO-related entities to JESCO (Delaware) employees and to subcontractors on the dewatering project. JESCO explains: "Without any payments from the County (and without any payments during performance of the work) Jesco obtained and used other funds to make payments to these parties ... Those payments ... hardly represent 'involvement' in the project."

I find that JESCO's supplemental response is adequate under the circumstances. RMS and the County have copies of these checks. If the only involvement of the "Jesco entities" was to issue checks, then that involvement has been adequately disclosed. No other inadequacy or contradiction has been raised by RMS.

The second category of information was the identity of any "overlapping subcontractors," which was defined as any subcontractor with which Jesco has worked, both on the project at issue in this case and previously on other projects during the two years preceding execution of the contract at issue in this case.

JESCO (Delaware) responded that it did not work on any other projects, within two years preceding execution of the Jesco/Henderson County contract, with any of the subcontractors Jesco hired for the County project.. RMS objects to JESCO's limiting of its response to subcontractors previously hired by JESCO-Delwaware only, as opposed to subcontractors hired by any "Jesco entity".

As Jesco points out, the Court's order was limited to "JESCO". In addition, because no other Jesco entity was identified in (1) above, JESCO takes the position that this avenue of

discovery is foreclosed.

This avenue of discovery is not foreclosed by the answer to (1) above. That argument contains a mis-reading of the Order. The focus of this discovery is the identity of subcontractors, not the identity of Jesco entities.

It is true that the Court's order did not specify whether it was concerned only with the JESCO company that is a Defendant in this case or with all Jesco entities. The intent of the Order was to define "overlapping subcontractors" as any subcontractor who worked with JESCO (Delaware) on the project at issue in this case and who had also previously worked on other projects with any Jesco entity (as previously defined) during the two years preceding execution of the contract at issue in this case.

With that modification of the previous Order, JESCO (Delaware) is directed to supplement its response within 14 days of this Order.

The third category of information ordered was disclosure of the existence of any criminal case and any prior litigation related to contract enforcement, fraud or other subjects that might suggest business irregularity against any Jesco entity. JESCO (Delaware) responded, ""None, during the 30 years prior to the Jesco/Henderson County contract."

Despite that response, RMS has identified four cases that it asserts fall within the Order, as follows:

> U.S. Fire Ins. Co. v. Jesco Construction Corp., Case No. 03Civ2906 SAS, 2003 WL 21689654, July 16, 2003)(S.D.N.Y.). This case involved suit on bonds issued by US Fire on behalf of Jesco Construction Corporation. US Fire paid over $1 million in claims resulting from Jesco's failure to pay subcontractors and suppliers. RMS also notes that in John Shavers' later bankruptcy proceeding, his debt to US Fire was found non-dischargeable as a debt related to "false pretenses, false representations, actual fraud, materially false statements or statements made with an intent to deceive."

US v. Orlando-Figueroa, 229 F.3d 33 (1st Cir. 2000), which involved a JESCO disaster clean up effort involving FEMA. Shavers ultimately served as an information, after being confronted with evidence of his own wrongdoing. He testified against two defendants, who asserted in defense that Shavers proposed submitted falsified FEMA documents to increase his profits. Both defendants were convicted. The case includes discussion of Shavers' past (i.e.1986) guilty plea and conviction for mail fraud (which the trial court excluded), and other methods of impeachment that the defendants were able to use to attack Shavers' credibility.

Clark v. Shavers, Case 10-4053 (CDIL), a case currently pending that was filed after the instant litigation. Acknowledging that this is not "prior" litigation, RMS asserts it should have been disclosed because of the subject matter contained in the allegations.

Leon Roy v. John Shavers and JESCO Construction Corp., Case No. 10-0422 (S.D.Miss.). This case was filed after the instant litigation was initiated and was settled and closed. RMS asserts it should have been disclosed because of the subject matter contained in the allegations.

JESCO provides the following explanations for not disclosing the existence of these cases.

US Fire: All JESCO says is that "this entire request is directed to John Shavers individually and therefore Jesco did not include any reference to this case in its responses."

Orlando-Figueroa: John Shavers was acting as an informant in the government's prosecution; he was not a party, so disclosure of this case was not necessary.

Clark v. Shavers: This was not prior litigation. Clark's original complaint was against both Shavers and JESCO Construction Corp. That complaint has been dismissed, and the new complaint only includes JESCO Construction Corp.

Roy v. Shavers, Once again, this is not "prior' litigation. It was filed after the original Motion to Compel was served in this case. All of the allegations were denied, and the case was settled and dismissed.

Jesco (Delaware) should certainly have disclosed U.S. Fire Ins. Co. v. Jesco Construction Corp. as responsive to the Order. JESCO's explanation makes no sense at all: the discovery in question was directed at JESCO entities. The other 3 cases were not responsive, the one because JESCO (Delaware) was not a party but a witness.

5

While it is true that the other two were not "prior" litigation" at the time the original discovery was served, a party has a continuing obligation to supplement prior discovery responses (Fed.R.Civ.P.26(e)).  Once these cases were filed, JESCO (Delaware) should probably have supplemented without need for a court order.

## CONCLUSION

The Motion in Response to Order (#122) and the Motion to Compel (#123) are granted in part and denied in part, as stated herein.

ENTERED ON  January 14, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE