UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Readiness Management Support L.C., <br>                                        Plaintiff <br><br> v. <br><br> JESCO Construction Corp.; and County of Henderson, Illinois; and Village of Gulfport, Illinois, <br>                                        Defendants | Case No. 09-4003 |

**ORDER AND OPINION**

Now before the Court is the Motion for Summary Judgment (#66) filed by Readiness Management Support, L.C., as to Count I of its complaint against JESCO Construction Co. The motion is fully briefed, and I have carefully considered the arguments and evidence advanced by the parties.

As explained below, the motion for summary judgment is GRANTED. A related motion for oral argument (#67) is DENIED AS MOOT.

**INTRODUCTION**

This motion is in a rather unusual posture. JESCO Construction Company ("JESCO") has admitted all facts asserted by Readiness Management Support L.C. ("RMS") in its Statement of Undisputed Facts. (See Response, Doc. #84, ¶ 1). JESCO's opposition to the motion is premised primarily on the position that it should be allowed to add a counterclaim against RMS which, if successful, would essentially be a set-off against any recovery by RMS. But this Court has already ruled that the proposed counterclaim is not ripe and has denied the motion for leave to add the claim.

JESCO also challenges the enforce ability of the Administrative Charge provision in the RMS Contract. In its motion for partial summary judgment against JESCO, Henderson County raised the

1

issue of the enforce ability of an identical provision in its contract with JESCO. JESCO asserts here that if the Administrative Charge provision in the JESCO-Henderson County contract is unenforceable, then the same provision in the RMS-JESCO contract is also unenforceable. Under Rule 56, entry of summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(1)(B)(2). There is no genuine issue of material fact because JESCO has admitted all the facts asserted by RMS. The only issues before this Court on this motion, therefore, are whether, on the facts asserted in RMS's motion, RMS is entitled to judgment against JESCO as a matter of law on either the principle amount or the Administrative Charge, or both.

**UNDISPUTED FACTS**

On July 11, 2008, RMS entered into a Work Order Contract for Emergency Services with JESCO (referred to herein as the "RMS Contract"). The RMS Contract provided that RMS would provide de-watering services in Henderson County for JESCO, in accordance with the terms of the RMS Contract and as described in individual work orders, which then became part of the RMS Contract.

The RMS Contract anticipated that provision of additional services might be necessary. If such circumstance arose, JESCO would notify RMS of the need for additional services. A work order would issue describing the services, and in consideration for performance of those services, JESCO would pay RMS in the amount and manner set forth in the work order.

The RMS Contract contained three attachments: (1) Work Order No. 1; (2) Statement of Work, and (3) Cost Schedule. These attachments were incorporated into the RMS Contract. Attachments 2 and 3 were also incorporated into Work Order No. 1. The RMS Contract with these attachments stated that RMS was engaged to provide the following services: overall project management, quality control,

2

safety oversight, and all labor, equipment and material necessary for operations and maintenance activities. It was estimated that the de-watering would involve removal of approximately 8 billion gallons of water, using 36 8-inch pumps with associated management, operations and maintenance support to run continuously 24 hours per day, seven days a week. For those services, the RMS Contract provided that RMS would be paid up to but not exceeding $1,750,000.00 for the initial two-week period of work, and that additional work would be provided in accordance with mutually agreed changes. The estimated work was approximated to take 90-120 days.

RMS and JESCO subsequently agreed on additional work, as reflected in five subsequent Work Orders, which are referred to as Modification #01, 02, 03, 04, and 05. These work orders extended the end of all work to midnight on August 12, 2008, and increased the not-to-exceed amount of the RMS Contract to $4,850,000.00. These subsequent Work Orders were incorporated into the RMS Contract. There is no dispute that RMS performed all of the work required of it by the RMS Contract.

The RMS Contract provides that JESCO is to pay the full amount of RMS's invoices within 30 days of the invoice date and that RMS is entitled to a 2% per month "Administrative Charge" in the event of a payment delay. The Administrative Charge begins to accrue 30 days after the invoice dates. Under the RMS Contract, JESCO's payment to RMS is "not contingent on arrangement of project financing," and is due regardless of whether JESCO has been paid. The RMS Contract mentions neither FEMA nor IEMA and does not obligate RMS to fulfill any FEMA requirements or make payments to RMS contingent upon receipt of funds from FEMA or IEMA.

RMS sent two invoices to JESCO. The first invoice, dated July 23, 2008 and submitted to JESCO on August 1, 2008, is in the amount of $1,661,409.60. The second invoice, dated August 28,

3

2008 and submitted to JESCO on September 8, 2008, is in the amount of $2,865,894.00. The total of these two invoices is $4,527,303.60.

JESCO did not pay these invoices within 30 days. RMS sent JESCO three letters, dated October 9, 2008, October 28, 2008, and November 14, 2008, demanding payment of the invoices. As of this date, no payment has been made by JESCO to RMS.

RMS then filed this action against JESCO. In Count I of the complaint, RMS alleges that JESCO's failure to pay the invoices constitutes a breach of contract.

## SUMMARY JUDGMENT GENERALLY

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

If the undisputed facts indicate that no reasonable jury could find for the party opposing the motion, then summary judgment must be granted. Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party and on which that party will bear the burden of proof at trial, then summary judgment is proper. Celotex v. Catrett, 477 U.S. 317, 322 (1986); Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir., 1994).

## CHOICE OF LAW

JESCO is a Delaware corporation, and the RMS Contract provides that the terms are to be governed by Delaware law. The contract between Henderson County and JESCO, on the other hand provides that the agreement is governed "by the laws of the state where the services are performed,"

4

which in this case is Illinois. The laws of Delaware and Illinois are identical regarding breach of contract. They appear to differ, however, on the question of liquidated damages. This difference is discussed in more detail in that section below.

## BREACH OF CONTRACT

In order to recover for breach of contract, a plaintiff must establish four elements: (1) the existence of a valid contract; (2) substantial performance of contractual obligations by the plaintiff; (3) breach of contractual obligations by the defendant; and (4) resulting damages. H-M Wexford, LLC v. Encorp, Inc., 832 A.2d 129, 140 (Del. Ch. 2003); see also Taimoorazy v. Bloomington Anesthesiology Svc. Ltd., 122 F.Supp. 2d 967 (C.D.Ill.2000)(applying Illinois law); Kopley Group v. Sheridan Edgewater Properties, Ltd., 876 N.E.2d 218, 226 (Ill.App.2007); Catania v. Local 450/5050 of Communications Workers of America, 834 N.E.2d 966, 971 (Ill.App.2005).

JESCO has admitted - in its Answer and in its Response to the instant motion - that the RMS Contract was a valid contract and that RMS has substantially performed its obligations thereunder. JESCO does not deny that it was obligated by the terms of the RMS Contract to pay each invoice within 30 days or that it has failed to do so. The resulting fiscal damage to RMS is apparent: RMS is owed a significant amount of money. The amount RMS is owed is not disputed: it is $4,527,303.60.

From these undisputed facts, I find that JESCO has breached the RMS Contract and has caused injury to the extent of the principal amount. Whether RMS is entitled to the 2% Administrative Charge is discussed below.

One additional matter is implicitly raised by JESCO's answer to the complaint. In its answer, JESCO asserts two defenses. The first, which it calls a "special defense," avers that payment has not been received from Henderson County. This appears to be an effort to plead that such payment was a condition precedent to JESCO's obligation to pay RMS. As noted above, however, JESCO has

conceded that the RMS Contract contains no such provision. Likewise, the fact that JESCO included its indemnification claim against Henderson County in the body of its Answer does nothing to cast any doubt on the validity of the instant motion for summary judgment, which has nothing to do with the dispute between JESCO and the County.

The second defense is based on the now-rejected counterclaim that JESCO sought to interpose as a set off. Because there is no counterclaim, there can be no such set-off.

## ADMINISTRATIVE Charge

In its Response to the Motion, JESCO asserts that "RMS may be barred as a matter of law from recovery of the 2% Administrative Charge claimed due by RMS." (p.11). Its three-paragraph support of this assertion consists of the argument that Henderson County has raised this issue with respect to the contract between JESCO and Henderson County. According to JESCO, if the provision is invalid in that contract, "then the identical clause in RMS's contract should likewise be invalidated."

As noted above, the law that governs the RMS contract is Delaware law; the law that governs the Henderson County/JESCO contract is Illinois law. While the two States' law on breach of contract may be identical, this cannot be said with respect to the law about the enforceability of this type of contractual provision.

In Henderson County's motion regarding this issue, both the County and JESCO pointed the Court to Illinois law. Under that law, the question is whether the Administrative Charge is in reality a type of liquidated damages; if it is, then Illinois law may prohibit collection of both liquidated damages and actual damages.

Delaware law also provides that a party seeking liquidated damages is limited to that remedy; it may not be sought in addition to actual damages. As is directly illustrated in Leeseberg v. Converted

Organics Inc., - F. Supp. 2d -, No. 08-926-GMS, 2009 WL 3232778, Oct. 7, 2009 (D.Del.), however, that general rule only applies to liquidated damages. It does not apply to fees for late payments where the parties' mutual and unambiguous intention was not to provide a singular remedy for breach - liquidated damages - but rather a remedy in addition to compensatory damages to protect from the adverse impact of late payments.. Id , at *4.

Delaware law did not preclude recovery of both the late fee and actual damages.

In the RMS Contract, the pertinent provision reads:

> *Payment Terms.* Contractor shall submit invoices at least once per month for services performed and Client shall pay the full invoice amount within 30 days of the invoice date. Contractor shall be entitled to a 2% monthly administrative charge in the event of payment delay.

Complaint, Doc.#1, Exhibit 3, p.1.

This provision has precisely the same impact as did the provision in question in Leeseberg. Regardless of what this Court may rule on this question under Illinois law, it is Delaware law that controls the RMS Contract, and under Delaware law, the Administrative Charge provision is not a liquidated damages provision. There is nothing[1] to prevent its enforcement.

## CONCLUSION

Because the facts are undisputed and because RMS is entitled to judgment as matter of law, the Motion for Summary Judgment is GRANTED. The Clerk is directed to Amend the Judgment in this case as follows: Judgment is entered in favor of Plaintiff and against Defendant JESCO in the

---

[1] In its reply brief, RMS generously infers that JESCO may be making a collateral estoppel argument. The Court has no obligation to consider an issue that was not developed in a party's brief. That said, JESCO is unable to show that the issue sought to be precluded is the same in both motions, given that the governing law is different. Any ruling the Court might make as to the Administrative Charge provision in the JESCO/ Henderson County contract has no preclusive effect on the ruling contained herein.

amount of $4,527,303.60 plus administrative charges as calculated under the RMS Contract.

ENTERED ON March 14, 2011

         s/ John A. Gorman

        JOHN A. GORMAN
      UNITED STATES MAGISTRATE JUDGE