UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Readiness Management Support,<br>  Plaintiff<br><br>  v.<br><br>JESCO Construction Co., Henderson<br>County and Village of Gulfport,<br>  Defendants | Case No. 09-4003 |

### ORDER

Now before the Court are: Plaintiff's Motion for Entry of Judgment under Rule 54(b)(Doc.#164) and Plaintiff's Motion to Dismiss Counts II, III, and IV against JESCO Without Prejudice (Doc. #166). These motions were discussed at a hearing held on August 18, 2011, at which time the Court was advised that there was no opposition to these motions. As stated below, both motions are GRANTED.

### MOTION TO DISMISS

Plaintiff ("RMS") originally filed 4 counts against Jesco. This Court has granted summary judgment in favor of RMS and against Jesco as to Count I. RMS now moves for dismissal of the other 3 counts (Counts II, III and IV) as those Counts were "alternative counts" to Count I. There being no opposition to this motion, the Motion is GRANTED. Counts II, III and IV are dismissed without prejudice, parties to bear their own costs.

### RULE 54(b) MOTION

RMS settled its dispute with Henderson County, entered into a consent judgment, and filed a Joint Motion for Entry of Final Judgment (D121). That Motion was granted on Jan. 14, 2011 (#139). Judgment was entered in favor of RMS and against Henderson County on January 18, 2011. (Doc. #141). This judgment was subsequently amended on March 17, 2011 (Doc. #161).

On March 14, 2011, summary judgment was entered in favor of RMS and against defendant Jesco Construction Company ("Jesco") as to its breach of contract claim only. See Order (Doc. #157). That order was not, however, a final and appealable order, because there remained other claims and cross claims between and among the parties. Plaintiff has now filed its Rule 54(b) motion, seeking to finalize these Orders.

Rule 54(b) provides in pertinent part:

When an action presents more than one claim for relief - whether as a claim counterclaim, cross-claim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

There are 3 prerequisites for entry of a Rule 54(b) judgment: the action must include separate claims; there must be a final decision as to at least one of these claims, and there must be "no just reason for delay." Fed.R.Civ.P. 54(b); see, Stearns v. Consolidated Mgt. Inc., 747 F.2d 1105, 1108 (7th cir. 1984).

The complaint in this case included two counts against Henderson County (Count V for breach of third party beneficiary contract and Count VI for unjust enrichment) and 6 counts against Jesco. The partial judgment as to the claims against Henderson County finalized resolution of Count VI; the parties dismissed Count V. The Court has granted summary judgment against Jesco as to Count I, and RMS has moved, concurrently with this pending motion, to dismiss the remaining counts II, III and IV against Jesco.

RMS's claim against Jesco for breach of contract is certainly separate and distinct from RMS's claims against Henderson County. They are based on separate contracts altogether: RMS's contract with Jesco, and Jesco's contracts with the governmental entities.  See, e.g., FDIC v. Elefant, 790 F.2d 661, 664 (7th Cir. 1986). One contract is governed by Illinois law, the other by Delaware law. The fact that there is some factual overlap does not negate this conclusion. See, Minority Police Officers Ass'n v. City of South Bend, 721 F.2d 197, 200 (7th Cir. 1983).

The order granting summary judgment in favor of RMS and against Jesco on Count I is a final decision as to the claims between those two parties. The only remaining uncertainty is the exact amount of administrative fees. Calculation of that amount is a mechanical function and is not controversial. All that needs to be done is some basic math. This remaining task does not change the finality of the summary judgment order. See, Production and Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1401 (7th Cir. 1992).

Moreover, it is possible to compute the administrative fee at this time. The Administrative Fee started to accrue 30 days after the respective invoice dates of the invoices sent by RMS to Jesco, accruing 30 days after July 23, 2008 for Invoice 1, and 30 days after August 28, 2008 for Invoice 2.

The principal amount of Invoice 1 (July 23, 2008) is $1,661,409.60; 2% of that amount is $33,228.19. Beginning on August 23, 2008 and through August 23, 2011, RMS is entitled to 37 months of that Administrative Charge, for a total of $1,229,443.03; this amount will continue to accrue at the rate of $33,228.19 until paid.

The principal amount of Invoice 2 (August 28, 2008) is $2,865,894.00; 2$ of that amount is $57,317.88. Beginning on September 28, 2008 and through August 28, 2011, RMS is entitled to 36 months of that Administrative Charge, for a total of $2,063.443.68; this amount will continue to accrue at the rate of $57,317.88 until paid.

The total amount that is currently owing is $4,527,303.60 in principal plus Administrative Fees in the total amount of $3,292,886.71, with Administrative Fees accruing at $80,546.07 per month until the judgment is paid.

There is, in other words, no question as to the finality of the order resolving Count I in favor of RMS and against Jesco. That leaves only this issue of whether there is any just reason to delay enforcement of this judgment. The Seventh Circuit has identified a number of factors that may be considered, although District Courts are to remain free to consider any factor that seems relevant to

the particular case. Bank of Lincolnwood v. Federal Leasing, 622 F.2d 944, 949 (7th Cir. 1980). In this case, the relationship between the adjudicated and unadjudicated claims is such that the judgment in favor of RMS and against Jesco will not be affected by any ruling made in the remaining claims; the only remaining unresolved claims are Jesco's cross-claims against Henderson County and Gulfport, which are governed by a separate contract than the claims between RMS and Jesco. For the same reason, there is no possibility that a reviewing court would have to consider any issue arising from this judgment if appeals on the other claims are taken someday.

In this case, there is yet another factor that is pertinent to this analysis, and that is the need for RMS to be able to collect on this judgment. Jesco has already paid out a large amount in settlement of at least one other lawsuit, and Jesco claims that it owes other subcontractors substantial amounts of money, at least one of which has resulted in litigation in this District. Indeed, Jesco asserts that it has already paid over $800,000 to other subcontractors. RMS's ability to collect on this judgment should be finalized before it is lost.

## CONCLUSION

Accordingly, the Rule 54(b) motion is GRANTED The Clerk is directed to amend the judgment in this case to include judgment in favor of RMS and against Jesco in the principal amount of $4,527,303.60 in principal plus Administrative Fees in the total amount of $3,292,886.71, with Administrative Fees accruing at $80,546.07 per month until the judgment is paid.

The motion to dismiss Counts II, III and IV is GRANTED. These Counts are dismissed without prejudice, parties to bear their own costs.

ENTERED ON  August 23, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE